UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ALEXANDRA BEDFORD,

   Plaintiff,

v.                Case No. 1:16-CV-1412

ABEDEL ABUSHMAIES,       HON. GORDON J. QUIST

   Defendant.

_____/

## OPINION REGARDING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS

  Plaintiff, Alexandra Bedford, seeking to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, has sued her ex-husband, Abedel Abushmaies, alleging that Abushmaies breached a settlement agreement that the parties executed in March 2013. In particular, Bedford alleges that Abushmaies breached the agreement by filing various motions in the parties' divorce action pending in the Kalamazoo County Circuit court.

  Abushmaies has filed a motion to dismiss or, alternatively, to stay the case. Abushmaies argues that dismissal is required because Bedford fails to properly allege that the amount in controversy exceeds the $75,000 threshold required for diversity jurisdiction. Abushmaies also argues that if diversity jurisdiction exists, this case falls within the "domestic relations exception" to federal jurisdiction based on diversity. Finally, Abushmaies argues that even if the Court has, and may properly exercise, diversity jurisdiction, the Court should abstain from hearing the case pursuant to the abstention doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976).

For the following reasons, the Court will dismiss Bedford's complaint because Bedford fails to sufficiently allege that the amount in controversy exceeds the $75,000 jurisdictional threshold.[1]

**I. BACKGROUND**

Bedford and Abushmaies were previously married. On October 11, 2007, Abushmaies filed a complaint for divorce against Bedford in the Kalamazoo County Circuit Court. (ECF No. 1 at PageID.2.) The state court entered a judgement of divorce on December 29, 2008. (*Id.*)

In approximately 2013, Bedford petitioned the state court for a change of domicile to Virginia and relocation of the parties' minor children with Bedford as the primary custodial parent. In March 2013, the parties entered into a Settlement Agreement and Release of Claims, pursuant to which the parties agreed to settle or dismiss certain claims and actions, with Abushmaies specifically agreeing as follows:

> Abushmaies to Bedford- Abushmaies agrees to sign the necessary court documents allowing Bedford to remove the children from the state [sic] of Michigan to the Commonwealth of Virginia. Abushmaies agrees to dismiss, with prejudice any and all claims, causes of action, and appeals presently filed against Bedford (in any State (Commonwealth) or Federal court or in any country). Abushmaies agrees that he will not file any future action or actions against Bedford (in any State (Commonwealth) or Federal court, tribunal or in any country) except for modification of future child support, in law or equity, including any RICO claims, and any other claims which are known or unknown and which may develop in the future arising our of or in any way pertaining to the period of time during the marriage or divorce and proceedings after the divorce judgment between Bedford and Abushmaies.

(ECF No. 1-1 at PageID.6.) Bedford agreed to similar terms. (*Id.* at PageID.6–7.) The Agreement also contained a general release, pursuant to which the parties agreed to release each other "from all actual and potential claims, complaints, demands, causes of action, damages, costs, expenses, fees, and other liabilities of every sort and description," arising out of: (1) the parties' marriage,

---

[1] Although both parties requested oral argument, the Court concludes that oral argument is unnecessary because the parties' briefs adequately address the issues.

2

divorce, proceedings after the divorce, and Abushmaies's employment; (2) violation of any federal or state statute or law; (3) Abushmaies's failure to perform any duty or obligation; and (4) claims that were made or could have been raised in any lawsuit. (*Id.* at PageID.7.)

Bedford alleges that after the parties entered into the Agreement, Abushmaies filed various motions in the divorce proceeding: (1) for clarification of the divorce judgment with respect to Wisconsin property; (2) to hold Bedford in contempt for interference with parenting time; (3) to credit Abushmaies for certain child and spousal support payments: and (4) addressing various other matters. Bedford alleges, in a single count for breach of contract, that Abushmaies breached the Agreement by filing such motions in the divorce proceeding. (ECF No. 1 at PageID.3–4.)

## II. DISCUSSION

Federal courts have original jurisdiction over suits between "citizens of different States" when the amount in controversy exceeds "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1); *see also Fritz Dairy Farm, LLC v. Chesapeake Exploration, LLC*, 567 F. App'x 396, 398 (6th Cir. 2014). There is no dispute that the parties are citizens of different states. The issue is whether the amount-in-controversy requirement is met.

In paragraph 13 of her complaint, Bedford alleges that "Abushmaies' actions are the direct and proximate cause of harm to Plaintiff, specifically, economic losses in excess of $79,000.00, as well as severe emotional pain and suffering." (*Id.* at PageID.4.) In her prayer for relief, however, Bedford requests "compensatory damages in the amount of $33,270.20 or otherwise determined at trial." Bedford also requests damages for "mental, emotional, and physical pain, suffering and distress," and exemplary damages, in unspecified amounts. (*Id.* at PageID.5.)

"In a federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount."

3

*Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S. Ct. 586, 590 (1938)). The Sixth Circuit has observed that, "[i]n the application of the legal certainty test, most courts have found a legal certainty that more than the jurisdictional amount could not be recovered only where the applicable state law barred the type of damages sought by the plaintiff." *Wood v. Stark Tri-Cnty. Bldg. Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973); *see also Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983) ("A punitive damage claim must be included [in the jurisdictional amount] unless such damages are barred by the applicable state law."). In the instant case, the Agreement specifies that it "must be construed in accordance with the laws of the State of Michigan." (ECF No. 1-1 at PageID.10.) Therefore, Michigan law governs the types of damages that may be recovered for breach of contract.

As noted, Plaintiff requests compensatory damages in the amount of $33,270.20, damages for mental and emotional distress, and exemplary damages. Under Michigan law, a plaintiff may not recover emotional distress damages, which are encompassed by exemplary damages, absent "some separate allegation and proof of tortious conduct independent of the contract's breach." *Marcus v. GFG Emp't Servs., Inc.*, No. 284042, 2009 WL 1167849, at *3 (Mich. Ct. App. Apr. 28, 2009) (per curiam) (citing *Kewin v. Mass. Mut. Life Ins. Co.*, 409 Mich. 401, 420–21, 295 N.W.2d 50, 55 (1980)); *see also Nowicki-Hockey v. Bank of Am., N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014) (noting that "Michigan law proscribes exemplary damages for contract claims absent allegation and proof of tortious conduct independent of the breach" (internal quotation marks omitted)); *Hendricks v. DSW Shoe Warehouse, Inc.*, 444 F. Supp. 2d 775, 780 (W.D. Mich. 2006) (noting that "mental distress and anguish are generally not proper elements of damages in breach of contract actions absent purposeful tortious conduct independent of the breach" (internal quotation

marks omitted) (citing *Bolden v. John Hancock Mut. Ins. Co.*, 422 F. Supp. 28, 29 (E.D. Mich. 1976), and *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 389 (E.D. Mich. 2000))).

Because the complaint does not allege tortious conduct by Abushmaies independent of the breach, the Court cannot consider Bedford's (unspecified) claim for emotional distress and exemplary damages. Left with Bedford's claim for $33,270.20 in compensatory damages, it appears to a legal certainty that the amount in controversy does not meet the $75,000 jurisdictional threshold.

Acknowledging that her complaint may be deficient in alleging jurisdiction, Bedford requests in her response leave to amend her pleadings to correct such defects. (ECF No. 7 at PageID.148.) Bedford's request will be denied. First, Bedford fails to make her request by motion, as required by Federal Rule of Civil Procedure 7(b). *See Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000) ("What plaintiffs may have stated, almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend."). Second, Bedford fails to submit a proposed amended complaint indicating how Bedford proposes to cure the jurisdictional defect. As the Sixth Circuit has observed, while Rule 15(a)(2) directs district courts to grant leave "when justice so requires," "in order to do this, the court must have before it the substance of the proposed amendment." *Roskam Baking Co. v,. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002) (citing *Kostyu v. Ford Motor Co.*, no. 85-1207, 1986 WL 16190, at *2 (6th Cir. July 28, 1986)). Thus, a court may properly deny a motion to amend when the moving party fails to provide the court the substance of the proposed amendment. *See, e.g.*, *Johnson v. Jondreau*, No. 2:13-CV-260, 2014 WL 4100939 (W.D. Mich. Aug. 18, 2014) ("The Magistrate Judge correctly held that a party who wishes to amend his complaint must file a motion and an amended pleading, rather than simply a request for an amendment."); *Glick v. Farm Credit Servs. of Mid-Am.*, No. 5:09CV02273, 2010 WL 3118673 (N.D. Ohio Aug. 6, 2010) (denying the

plaintiff's motion for leave to amend because the plaintiff failed to submit either a proposed amendment or a description of the proposed amendment).

### III. CONCLUSION

For the foregoing reasons, the Court will grant Abushmaies's motion and dismiss Bedford's complaint without prejudice for lack of subject matter jurisdiction.

The Court has no comment on Abushmaies's other arguments for dismissal.

An Order consistent with this Opinion will enter.


Dated: August 2, 2017           /s/ Gordon J. Quist
                                GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE